IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00131-RLV
(5:96-CR-00033-RLV-2)

| | |
|---|---|
| STEVEN GEORGE KELLY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on consideration of what Petitioner labeled as a motion under Rule 59(e), or in the alternate, a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court finds that the motions for relief must be construed as a motion to vacate, set aside or correct sentence, pursuant to the provisions 28 U.S.C. § 2255. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

**I.     BACKGROUND**

On December 3, 1996, Petitioner was charged in a superseding indictment by the Grand Jury for the Western District on one count of conspiracy to possess with intent to distribute a quantity of cocaine, and cocaine base, in violation of 21 U.S.C. §§ 846 & 841(a)(1). (5:96-CR-00033-RLV, Doc. No. 17). On March 17, 1997, the Government filed a notice under 21 U.S.C. § 851 of its intention to seek enhanced penalties.[1] (Doc. No. 38). Petitioner elected to plead not

---

[1] As noted herein, whether the Government properly notified Petitioner of its intention under § 851 was disputed by Petitioner.

1

guilty and was tried before a jury.

On March 19, 1997, Petitioner's case came on for trial. On March 31, 1997, the jury reached a verdict finding Petitioner guilty on the one count in the Indictment. (Doc. No. 65: Jury Verdict). Petitioner's post-verdict motions for a new trial and for judgment of acquittal were denied on June 16, 1998. (Doc. No. 91). During his sentencing hearing, the Court found that Petitioner qualified as a career offender, see USSG § 4B1.1, and he was sentenced to a term of 360-months' imprisonment. (Doc. No. 107: Judgment in a Criminal Case). Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit.

On appeal, Petitioner's conviction was upheld but his sentence was vacated and remanded based on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), because Petitioner's sentence was based on a drug amount that was not noticed by the Government prior to his trial nor was the amount proven to the jury beyond a reasonable doubt. United States v. Kelly, 16 Fed. App'x 152, 157-59 (4th Cir. 2001) (unpublished). However, the Court left open the issue of whether the Government timely filed a proper notice of its intention to seek a sentencing enhancement under Section 851. Id. at 159 n. *.

On remand, the Court found that the § 851 notice—which was hand delivered to Petitioner's counsel the day of jury selection and alleged an Ohio conviction for aggravated drug trafficking—was sufficient notice under the statute. The Court applied the 2001 version of the U.S. Sentencing Guidelines Manual, over Petitioner's objection and request for use of the 1995 Guidelines, and Petitioner was sentenced to a term of 262-months' imprisonment. Petitioner entered a notice of appeal to the Fourth Circuit. (Doc. No. 152: Amended Judgment).

On appeal, the Court found that the trial court did not err in applying the 2001 Guidelines

Manual—specifically finding that the use of the 2001 version did not implicate *Ex Post Facto* law—and that Petitioner was properly notified as required by § 851. Petitioner's judgment was affirmed. United States v. Kelly, 64 Fed. App'x 361, 365 (4th Cir. 2003) (unpublished) (internal citations omitted). The petition for a writ of certiorari was denied by the Supreme Court of the United States on June 2, 2003. Kelly v. United States, 539 U.S. 910 (2003).

On June 1, 2004, Petitioner filed a Section 2255 motion to vacate raising three issues for consideration. In two of the claims, Petitioner argued that the Government violated its obligations to disclose information as required by Brady v. Maryland, 373 U.S. 83 (1963), and in his third claim Petitioner challenged the jury instructions provided by the trial court. (5:04-CV-00071-RLV, Doc. No. 1 at 3). Petitioner later filed three motions to amend his § 2255 motion.

The first motion, which sought to raise a claim that his sentence was unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), was denied as untimely. (Doc. No. 4). The Court noted that Petitioner's criminal judgment became final on June 2, 2003, when the Supreme Court denied his petition for a writ of certiorari. Petitioner's first motion to amend was filed on August 18, 2004, more than one year after Petitioner's § 2255 motion was due. The Court found that Petitioner's motion was untimely and that, in any event, he could not raise a claim under Blakely because the case had not been made retroactive to cases on collateral review. Accordingly, this motion to amend was denied. (Doc. No. 8 at 15).

In his second motion to amend, filed June 13, 2005, Petitioner cited Shephard v. United States, 544 U.S. 13 (2005), in support of his argument that the trial court engaged in impermissible judicial fact-finding. (Doc. No. 6). This motion was denied as being untimely and because the Shepherd decision was filed after Petitioner's conviction had become final and the

3

holding had not been made retroactive on collateral review. (Doc. No. 8 at 16).

The third motion to amend his § 2255 motion contained allegations about corruption in the Hollywood, Florida police department. Petitioner contended that information regarding this alleged corruption would support his Brady claims which were pled in his initial § 2255 motion. The motion to amend was granted in part but had no influence as to the outcome on the disposition of Petitioner's § 2255 motion.

After having considered the motions to amend and the Government's response, the Court considered the Government's motion for summary judgment as to all claims under consideration and the Court granted the motion after finding that Petitioner had failed to establish any meritorious claims for relief. Petitioner appealed, and the Fourth Circuit dismissed his appeal in an unpublished, per curiam opinion. Kelly v. United States, No. 08-6116 (4th Cir. Aug. 26, 2008).

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

The relief Petitioner is seeking through a Rule 59(e) or 60(b) motion—an order vacating

his sentence—is the same relief that he could obtain through a successful § 2255 proceeding. That he may label his motion as one filed pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure is of no moment. The district courts are instructed to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing United States v. Emmanuel, 288 F.3d 644, 647 (4th Cir. 2002)). Petitioner's efforts to characterize his attack on his sentence as a Rule 59(e) or Rule 60(b) motion must fail. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Here, Petitioner renews his attack on the application of the 2001 Guidelines during his resentencing, an argument which was rejected by this Court and by the Fourth Circuit on appeal. Nevertheless, Petitioner contends that a recent case, Peugh v. United States, 133 S.Ct. 2072 (2013), permits this Court to consider the merits of his argument. (5:13-CV-00131, Doc. No. 1 at 1). The Court first observes that, even if applicable to Petitioner's claim, there is no indication that the Supreme Court intended to make its holding in Peugh retroactive to cases on collateral

5

review. See, e.g., Hawkins v. United States, 724 F.3d 915 (7th Cir. 2013) (quoting Peugh, 133 S.Ct. at 2308) ("So since Peugh says that 'failing to calculate the correct Guidelines range constitutes procedural error' . . . the implication is that the rule announced in Peugh won't be applied retroactively . . ."); United States v. Condra, No. 1:05CR00050, 2013 WL 4678165, at *2 (W.D. Va. Aug. 30, 2013) (finding no authority to support the claim of retroactivity of Peugh).

Finally, the Petitioner must apply to the Fourth Circuit to obtain permission to file a successive § 2255 motion under 28 U.S.C. § 2255(h). For the reasons stated herein, Petitioner's Section 2255 motion will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: November 13, 2013

Richard L. Voorhees
United States District Judge